COURT OF APPEALS
DECISION
DATED AND FILED

May 9, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1405**

Cir. Ct. No. **2022FO484**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

VILLAGE OF FREMONT,

    PLAINTIFF-RESPONDENT,

V.

CHRISTOPHER DAVID KOGA,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Waupaca County: RAYMOND S. HUBER, Judge. *Reversed*.

¶1 GRAHAM, J.[1] Christopher Koga appeals a circuit court judgment requiring him to pay a civil forfeiture for violating a Village of Fremont zoning

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version.

ordinance. Koga argues, among other things, that the circuit court erroneously denied his motion for judgment on the pleadings.[2] I conclude that Koga was entitled to judgment on the pleadings because the citation that the Village filed to initiate this proceeding fails to state a claim for relief. Therefore, I reverse the civil forfeiture judgment.

## BACKGROUND

¶2 The real property at issue in this case is owned by a limited liability company, which in turn is owned by Koga. The property is zoned as "R-2 single-family residential," and under Village zoning ordinances, two uses are permitted: "Single-family dwellings" and "Public park and recreation areas." *See* VILLAGE OF FREMONT, WIS., CODE §§ 560-20(A), 560-21(A) (2021).[3] In the summer of 2022, Koga parked a motor home on the property, and he sometimes slept in the motor home.

¶3 On August 23, 2022, a Village law enforcement officer mailed two citations to Koga. One alleged that Koga violated FREMONT CODE § 560-21, which is one of the zoning ordinances cited above. The second citation, which is not directly at issue in this appeal, alleged that Koga violated a sewer tapping

---

[2] Koga also argues that the circuit court erroneously denied his request for judicial substitution, that the court erroneously denied his jury demand, and that the Village failed to introduce sufficient evidence at trial to prove the zoning violation. Because I conclude that the judgment should be reversed on the grounds that Koga was entitled to judgment on the pleadings, I do not address these other arguments. *See* **Barrows v. American Fam. Ins. Co.**, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

[3] The Village of Fremont codes were last revised on April 27, 2021. *See* VILLAGE OF FREMONT, WIS., CODE (https://ecode360.com/FR3036) ("FREMONT CODE"). All references to the FREMONT CODE are to the April 27, 2021 version.

ordinance. Neither citation contained any factual allegations that described how Koga allegedly violated the ordinance in question.

¶4    On the same day that the officer mailed the citations, the officer also mailed a letter to Koga. The letter asserts that Koga had failed "to remove campers from the property," and that Koga had "connected to the Village sewer system in violation of several Village [o]rdinances." The officer included copies of various Village zoning and sewer use ordinances as attachments to the letter.

¶5    The Village commenced this forfeiture action the following day by filing the zoning ordinance citation with the circuit court.[4] The Village did not include the letter that had been mailed to Koga or any other materials in its filing.

¶6    Koga responded by filing a not guilty plea, and he then moved for judgment on the pleadings. Koga argued, in part, that the citation failed to state a claim for relief because it failed to comply with FREMONT CODE § 30-2, which sets forth certain requirements applicable to citations the Village issues. That section requires that a citation contain, among other things, "[f]actual allegations describing the alleged violation," and "[a] designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so." *See* FREMONT CODE § 30-2(B), (E); *see also* WIS. STAT. § 66.0113(1)(a) (granting municipalities the authority to "adopt and authorize the use of a citation under this section to be issued for violations of ordinances"). Koga argued that the citation failed to make any factual allegations that described the alleged zoning

---

[4] The Village also filed a separate forfeiture action based on the alleged sewer tapping ordinance violation. That action was ultimately dismissed, and the disposition of that action is not pertinent to this appeal.

violation, and failed to designate the offense in a manner that could be readily understood, and that the citation therefore failed to state a claim for relief.

¶7      In its written response to Koga's motion, the Village asserted that Koga had "parked his RV" on property "which is zoned R-2 (Residential)," and that Koga had improperly used the property "for long-term, recreational camping." The Village did not seek to amend its citation to include these or any other factual allegations.

¶8      This case proceeded to a bench trial and, at the outset of the trial, the circuit court heard oral argument on Koga's motion for judgment on the pleadings. In response to Koga's argument that the citation failed to state a claim, the Village's attorney asserted that the citation had been "accompanied by a letter from the police department" that explained the basis for the citation. Upon reviewing the letter, the court determined that the citation, considered together with the letter, was "adequate for the purposes of" FREMONT CODE § 30-2. The court denied Koga's motion on that basis.

¶9      At the close of the bench trial, the circuit court determined that Koga had used the property for a purpose not permitted by zoning ordinances, specifically, that he had "resided in" the motor home on the property. The court entered a forfeiture judgment, and Koga appeals.

## DISCUSSION

¶10      When evaluating a motion for judgment on the pleadings, this court first considers "whether the complaint states a claim." ***Wagner v. Allen Media Broad.***, 2024 WI App 9, ¶17, 410 Wis. 2d 666, 3 N.W.3d 758. "Whether a claim is capable of surviving a judgment on the pleadings is a question of law," which is

reviewed de novo. *DeBraska v. Quad Graphics, Inc.*, 2009 WI App 23, ¶12, 316 Wis. 2d 386, 763 N.W.2d 219.

¶11    Koga argues that the Village's pleading fails to state a claim for relief and should be dismissed because the citation fails to comply with the requirements of FREMONT CODE § 30-2. Specifically, he contends that the citation the Village filed as a pleading fails to contain "[f]actual allegations describing the alleged violation" or "[a] designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so."[5]  *See* FREMONT CODE § 30-2(B), (E). The Village does not argue that the sufficiency of its citation should be evaluated under any other standard. Based on the Village's silence on this point, I assume for purposes of this appeal that, if the citation fails to comply with these code provisions, the citation fails to state a claim for relief. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (a respondent's failure to respond to an argument may be taken as a concession).

¶12    The Village appears to acknowledge that the citation is in itself deficient, and does not argue that it has stated a claim for relief if the citation is considered in isolation. Rather, the Village contends, the citation states a claim when it is considered alongside the letter that the Village law enforcement officer sent to Koga on the same day the officer sent the citation. In reply, Koga argues that this "unfiled letter" is not part of the Village's pleading and therefore cannot

---

[5] At times in his briefing, Koga asserts that the citation is defective because it fails to "state probable cause." To the extent that Koga intends to argue that a citation for a civil ordinance violation must state probable cause, he does not support this argument with legal authority, and I reject it on that basis. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (this court need not address arguments unsupported by legal authority).

help the Village satisfy the requirements of FREMONT CODE § 30-2. I do not address whether the letter may properly be considered as part of the Village's pleading because, as I now explain, the Village fails to show that the letter cures the deficiency in the citation.

¶13 On appeal, the Village asserts that the letter "communicated clearly … what the issues were." However, the Village fails to identify any specific language in the letter to support this argument.[6] Nor is it apparent how the letter would help the Village satisfy the requirements of FREMONT CODE § 30-2. The letter alleges that Koga violated Village ordinances by "connect[ing] to the Village sewer system," but it does not expressly mention any violation of Village *zoning* ordinances. Although a copy of the zoning ordinance at issue, FREMONT CODE § 560-21, was attached to the letter, this lengthy ordinance sets forth various permitted and conditional uses applicable to single-family residential districts, and it identifies lot, yard, building, and aesthetic requirements. *See* FREMONT CODE § 560-21. Neither the letter nor its attachments specify any provision of the ordinance that Koga allegedly violated.

¶14 It appears that the sole factual allegation in the letter that could possibly pertain to a zoning ordinance violation is that Koga failed "to remove campers from the property." Yet the Village develops no argument as to how this allegation, or anything else in the letter or the citation, constitutes "[f]actual allegations describing the alleged violation," or "[a] designation of the offense in

---

[6] Arguments on appeal must be supported by citation to the "parts of the record relied on." WIS. STAT. RULE 809.19(1)(e); *see also* **Siva Truck Leasing, Inc. v. Kurman Dists.**, 166 Wis. 2d 58, 70 n.32, 479 N.W.2d 542 (Ct. App. 1991) ("The reviewing court need not sift the record for facts which support counsel's contention.").

such manner as can be readily understood by a person making a reasonable effort to do so." *See* FREMONT CODE § 30-2(B), (E); *see also* **State v. Pettit**, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (this court need not address undeveloped arguments).

¶15 At bottom, the Village appears to be arguing that it did not need to comply with FREMONT CODE § 30-2 because Koga "was aware of the allegations against him." However, the inquiry into whether a pleading states a claim is generally limited to review of "the four corners" of the pleading. *See* **Pagoudis v. Keidl**, 2023 WI 27, ¶4, 406 Wis. 2d 542, 988 N.W.2d 606. The Village fails to explain how Koga's purported awareness of any allegations against him has any bearing on whether the Village's citation states a claim for relief.

¶16 In sum, I conclude that the citation fails to state a claim for relief. I therefore conclude that the circuit court erred when it denied Koga's motion for judgment on the pleadings.

*By the Court.*—Judgment reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.